*In re* Mary Irby, *Petitioner.*

---

No. 24,971.

*In re* MARY IRBY, *Petitioner.*

### SYLLABUS BY THE COURT.

HABEAS CORPUS—*Woman Infected with Venereal Disease—Method of Release from Isolation under Terms of City Ordinance.* A provision, in an ordinance for the isolation of persons infected with venereal diseases, that a woman so infected may be released by the city physician upon her making an affidavit that she is not a prostitute and giving a bond not to expose any other person to infection, is construed to mean that such application is to be granted or refused according to whether such officer in the exercise of his best judgment shall find it to be meritorious.

Original proceedings in habeas corpus. Opinion filed May 26, 1923. Writ conditionally allowed.

*Thomas Harley,* of Lawrence, and *J. W. Ward,* of Wichita, for the petitioner.

*Charles B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, *Robert C. Foulston* and *George Siefkin,* both of Wichita for the respondent.

The opinion of the court was delivered by

MASON, J.: The city physician of Wichita issued an order that Mary Irby, who had been found to be infected with gonorrhea, be taken to the State Industrial Farm at Lansing for isolation during treatment therefor. The order was carried out and she applies to

this court alleging the illegality of her detention and asking to be released therefrom by a writ of habeas corpus. The case is submitted upon an agreed statement.

The statute authorizes the state board of health to make rules for the isolation and quarantine of persons afflicted with communicable diseases dangerous to the public health. (Laws 1917, ch. 205, § 1.) That board has in effect made county and city health officers a part of the machinery for the enforcement of its rules, imposing upon them certain duties, including that of isolating persons so afflicted within such limits as they may define, with a provision that "women may be quarantined at the Kansas State Quarantine Hospital for Women, at Lansing." The rules in full, so far as here important, are set out in *In re McGee, Petitioner,* 105 Kan. 574, 577-8, 185 Pac. 14. A Wichita ordinance requires the city physician to isolate persons having gonococcus infection in a building provided by the city or at the State Industrial Farm for Women at Lansing. One section of it reads:

"In lieu of isolation or quarantine, any person infected with any of said diseases may be released upon bond as herein provided. Such person shall make written application therefor to the city physician, which application must be made under oath and must state that the applicant is not a prostitute. The applicant shall then file with the city treasurer a bond in the penal sum of one thousand ($1,000) dollars conditioned that the applicant will not permit or perform any act which might or would infect or expose to infection any other person, will continue proper medical treatment until cured and will faithfully observe all rules and regulations and requirements of said city physician to protect the public against infection or contagion. Said bond shall run to the state of Kansas and shall have one or more sureties; to be approved by the city treasurer, provided, that a cash guaranty in a like amount may be accepted in lieu of such undertaking. Before any person is released from any such bond as cured, a final examination and approval of the city physician must be secured."

The petitioner applied to the city physician for release, presenting such a sworn statement and bond as the ordinance describes. She contends that it thereupon became the absolute duty of that officer to release her. The respondent asserts that the section just quoted should not be construed as having that effect, and if so construed it is inoperative because in conflict with the rules of the board of health. The latter phase of the contention need not be discussed in view of the conclusions we reach in respect to the former.

We think the ordinance should be interpreted as having this effect: The mere tender of the affidavit and bond does not compel a release,

*In re* Mary Irby, *Petitioner.*

but authorizes it, if in the judgment of the city physician the public welfare will not suffer thereby. The purpose of the ordinance is to release the applicant if she is not a prostitute rather than to release her if she swears that she is not a prostitute. Her affidavit is not in terms made conclusive, nor from the nature of the case is a purpose to make it conclusive readily to be implied. As the application is addressed to the city health officer he is the proper person to pass upon the question of fact, his decision being final if made in good faith, but subject to be set aside for fraud, oppression or arbitrary conduct. This appears to have been the operative construction placed upon the ordinance by those charged with its enforcement for the agreed statement shows that for more than three years the city physician has directed persons subject to its provisions to be isolated at the state farm, or to be released on bond.

A writ would be denied, upon the presumption that the city physician did not find the petitioner's affidavit convincing, were it not for the fact that the agreed statement recites that he refused to consider her application. He did not have absolute discretion in the matter in the sense that he was free to follow his own wish. His duty was to consider it and to refuse or grant it according to whether or not in the exercise of his best judgment he found it to be meritorious. The duty would arise irrespective of the ordinance, for the rules of the board of health require isolation only when in the opinion of the health officer it is necessary for public protection. According to the agreed statement that duty remains unperformed. The occasion for it, however, has not entirely passed. If, upon consideration of the petitioner's application on its merits, he shall conclude that the interests of the public require its denial, her restraint may properly be continued. Unless a showing that he has in the meantime made a finding to that effect is presented to this court on or before May 31, the petitioner will be discharged. Otherwise, no writ will issue.

HARVEY, J., dissenting.

---

(Filed June 9, 1923.)

The health officer having upon May 29, 1923, filed in this court a certificate that upon due consideration of the petitioner's application on its merits he had concluded that the interests of the public required its denial, the application for a writ is denied.